**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

CLERK OF THE
CIRCUIT COURT

2021 JUL -2 PM 2: 17

PR GEO CO MD #42

ARLENE D. HILL
841 Laurel Ln.
La Plata, MD 20646

    Plaintiff,

vs.
    CASE NO.: CAL21-07052

DLC MANAGEMENT CORPORATION,
580 White Plains Road, 3ʳᵈ Fl.
Tarrytown, NY 10591

    Defendant

## COMPLAINT

COMES NOW, Plaintiff, Arlene D. Hill, by and through her attorney, E. Gregory Watson, Esq., and the law firm of Watson & Moran, LLC, and sues Defendant for the cause of actions stated herein as follows:

### PARTIES

1.    Plaintiff, Arlene D. Hill, is an adult citizen of the State of Maryland and a resident of Charles County, Maryland.

2.    Defendant, DLC Management Corporation is a forfeited foreign corporation which at all times herein was the owner, lessee and/ or manager of the premises known as the DLC Eastover Shopping Center located at 5021 Indian Head Highway in Oxon Hill, Maryland.

3.    Defendant owed a duty to Plaintiff to provide a reasonably safe common area at

1

its premises, including, but not limited to, inspecting and/ or maintain the common area sidewalks, inspecting the area for defects, maintaining its premises in a safe condition; and warning its invitees, including Plaintiff, of any unduly dangerous conditions of which Defendant knew or should reasonably have known.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Defendant pursuant to MD. CTS. AND JUD. PROC. CODE ANN. §6-102 (2013).

5.  Venue is proper in this Court pursuant to MD. CTS. AND JUD. PROC. CODE ANN. §6-201 (2013).

## FACTS

6.  On July 3, 2018, at approximately 6:20pm Plaintiff was walking north to south on the mall sidewalk towards Subway Foods when she fell on severely uneven pavement.

7.  As a result of her fall, Plaintiff sustained injuries to her person, including, but not limited to, left shoulder sprain, thoracic sprain, and lumbosacral sprain and bi-lateral knee contusions.

8.  Defendant should have known of the defective condition for many reasons including, but not limited to:  1) the condition was clearly a long-existing situation as evidenced by its condition; and 2) Defendant and/or its agents should did and/or should have inspected the area due to the surrounding repairs.

9.  Based on the defective and/or severely defective condition of the pavement, the

2

Defendant is liable for negligence for failure to safely maintain its sidewalk either actual or constructive notice of the defective condition.

10.    Plaintiff sought medical treatment as a result of her injuries.

11.    As a direct and proximate cause of the Defendant's failure to properly maintain the premises and/or cure the defective condition, Plaintiff has incurred damages, including pain, inconvenience, mental anguish, medical bills, lost wages and more.

## COUNT I.

## NEGLIGENCE

12.    The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 11 above and more fully set forth herein at length.

13.    The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of Defendant which consisted *inter alia* of the following particulars:

a.    Failing to properly inspect and/ or maintain the premises so as to keep it safe and free from hazards which were recognized or should have been recognized by Defendant as causing or likely to cause the physical harm and/or serious physical harm to Plaintiff;

b.    Failing to keep the premises even and free from uneven pavement which was present so Plaintiff would not be caused to slip and/or fall as a result of the condition which was present and which was known and should have been known to the Defendant;

c.    Failing to remedy the conditions, including, but not limited to, the uneven pavement;

d.    Otherwise failing to exercise the degree of care required under the circumstances; and

e.    Otherwise being negligent.

14.    As a result of the aforesaid conduct and breach of care of the Defendant,

3

: Plaintiff sustained the injuries, losses, and damages without any negligence of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00 together with interest, plus costs, and such other and further relief that this Honorable Court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

BY:

E. Gregory Watson, Esq.
Attorney for Plaintiff

WATSON & MORAN, LLC
9500 Medical Center Drive, Suite 430
Largo, MD 20774
(240) 764-5302 (Tel)
(240) 764-5304 (Fax)

### CERTIFICATION PER MD Rule 20-201

I hereby affirm that the foregoing document does not contain any restricted information.

E. Gregory Watson, Esq.

4