SCANNER

L21-07650

## IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

ARLEAN D. HILL
841 Laurel Ln.
La Plata, MD 20646

    Plaintiff,

vs.      CASE NO.: CAL21-07650

DLC MANAGEMENT CORPORATION,
580 White Plains Road, 3rd Fl.
Tarrytown, NY 10591

    Defendant

### AMENDED COMPLAINT

COMES NOW, Plaintiff, Arlean D. Hill, by and through her attorney, E. Gregory Watson, Esq., and the law firm of Watson & Moran, LLC, and sues Defendant for the cause of actions stated herein as follows:

### PARTIES

1. Plaintiff, Arlean D. Hill, is an adult citizen of the State of Maryland and a resident of Charles County, Maryland.

2. Defendant, DLC Management Corporation, is a forfeited foreign corporation, conducting business in the State of Maryland.

3. Defendant represents that it is a corporation organized under the laws of the State of New York where its corporate headquarters is located.

4. Upon information and belief, Defendant remains corporate status in the State of New York remains in good standing.

5. At all times herein, Defendant was the owner, lessee, servicer, operator, manager, partner and/or agent of the premises known as the DLC Eastover Shopping Center located at 5021 Indian Head Highway in Oxon Hill, Maryland.

6. Defendant owed a duty to Plaintiff to provide a reasonably safe premises and/or common area at its premises, including, but not limited to: inspecting and/or maintaining the premises, common area, concrete, sidewalks, common area sidewalks and, inspecting concrete, the area and/or premises for issues and/or defects, maintaining its' and/or the premises in a safe condition; and warning its invitees and/or guest, including Plaintiff, of any unsafe conditions, dangerous and/or unduly dangerous conditions of which Defendant knew or should reasonably have known.

7. Defendant's agent, partners, contractors, and/or subcontractors owed a duty to Plaintiff to provide a reasonably safe premises and/or common area at its premises, including, but not limited to: inspecting and/or maintaining the premises, common area, concrete, sidewalks, common area sidewalks and concrete, inspecting the area and/or premises for issues, defects, maintaining its' and/or the premises in a safe condition; and warning its invitees and/or guest, including Plaintiff, of any unsafe conditions, dangerous, and/or unduly dangerous conditions of which Defendant and/or its agents knew or should reasonably have known.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant pursuant to MD. CTS. AND JUD. PROC. CODE ANN. §6-102 (2013).

9. Venue is proper in this Court pursuant to MD. CTS. AND JUD. PROC. CODE ANN. §6-201 (2013).

## FACTS

10. On or about July 3, 2018, at approximately 6:20pm Plaintiff was walking north to south on the mall sidewalk towards Subway Foods when she fell on severely uneven concrete.

11. As a result of her fall, Plaintiff sustained injuries to her person, including, but not limited to, left shoulder sprain, thoracic sprain, and lumbosacral sprain and bi-lateral knee contusions.

2

SCANNER

12. Defendant knew and/or should have known of the defective condition for many reasons, including, but not limited to: 1) the condition was clearly a long-existing situation as evidenced by its condition; and 2) Defendant and/or its agents did or should have inspected the area.

13. Defendant, its' partners, agents and/or contractors knew and/or should have known of the unsafe and/or defective condition for many reasons including, but not limited to: 1) the condition was clearly a long-existing situation as evidenced by its condition; 2) Defendant and/or its agents did and/or or should have inspected the area.

14. Based on the condition, unsafe condition, defective and/or severely defective condition of the premises, sidewalk, concrete and/or pavement, the Defendant is liable for negligence for failure to safely maintain its premises, sidewalk, concrete and/or pavements and had either actual or constructive notice of its condition, unsafe condition and/or defective condition and/or should have known of the condition.

15. Plaintiff sought medical treatment as a result of her injuries.

16. As a direct and proximate cause of the Defendant's failure to properly maintain, and/or inspect the premises and/or cure the condition and/or defective condition, Plaintiff has incurred damages, including pain, suffering, inconvenience, mental anguish, medical bills, lost wages and more.

17. As a direct and proximate cause of the Defendant, and/or its partners, agents, contractors and/or sub-contractor's failure to properly maintain, and/or inspect the premises and/or cure the condition and/or defective condition, Plaintiff has incurred damages, including pain, suffering, inconvenience, mental anguish, medical bills, lost wages and more.

## COUNT I.

## NEGLIGENCE

18. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 17 above and more fully set forth herein at length.

19. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of Defendant, its partners, agents, contractors and/or sub- contractors which consisted *inter alia* of the following particulars:

   a. Failing to properly inspect and/ or maintain the premises so as to keep it safe and/or free from danger, hazards which were recognized or should have been recognized by Defendant, its partners, agents, contractors and/or sub-contractors as causing or likely to cause the physical harm and/or serious physical harm to Plaintiff;

   b. Failing to keep the premises even and free from uneven concrete, sidewalks and/or pathways which was present so Plaintiff would not be caused to slip and/or fall as a result of the condition which was present and which was known and should have been known to the Defendant, its partners, agents, contractors and/or sub-contractors;

   c. Failing to remedy the conditions, including, but not limited to, the uneven concrete and unsafe issues;

   d. Otherwise failing to exercise the degree of care required under the circumstances; and

   e. Otherwise being negligent.

20. As a result of the aforesaid conduct and breach of care of the Defendant, its partners, agents, contractors, and/or sub-contractors Plaintiff sustained the injuries, losses, and damages without any negligence of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00 together with interest, plus costs, and such other and further relief that this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

*/s/ E. Gregory Watson*

E. Gregory Watson, Esq.
Attorney for Plaintiff
WATSON & MORAN, LLC
9500 Medical Center Drive, Suite 430
Largo, MD 20774
(240) 764-5302 (Tel)
(240) 764-5304 (Fax)
watsonmoran@gmail.com

**CERTIFICATION PER MD Rule 20-201**

I hereby affirm that the foregoing document does not contain any restricted information.

*/s/ E. Gregory Watson*

E. Gregory Watson, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2022, I caused a copy of the foregoing to be served on Defendant, DLC Management Corporation at 580 White Plains Road, 3rd Floor, Tarrytown, NY 10591 and on Colin Bell, Esquire, Schenker & Lopez, 600 Red Brook Blvd., Suite 650, Owings Mills, Maryland 21117 by mailing same first class mail postage prepaid to each at the stated addresses.

*/s/ E. Gregory Watson*

E. Gregory Watson, Esq.
Watson & Moran, LLC
9500 Medical Center Drive, Suite 430
Largo, Maryland 20774
301-429-0505 (Tel)
watsonmoran@gmail.com (Email)

5