### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### (SOUTHERN DIVISION)

| | |
|---|---|
| **ARLENE HILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Case No.: GLS-22-834** |
| ) | |
| **DLC MANAGEMENT CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM OPINION

Pending before the Court is a "Motion to Remand Case to State Court" ("Remand Motion") filed by the Plaintiff, Arlene Hill ("Plaintiff"). (ECF No. 11). Defendant DLC Management Corporation ("Defendant") filed an opposition thereto ("Opposition"). (ECF No. 21). The issues raised related to the Remand Motion have been fully briefed, and the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth more fully herein, the Court will **DENY** Plaintiff's Remand Motion.

### I.   BACKGROUND[1]

On July 2, 2021, Plaintiff commenced a single-count negligence action against the Defendant in the Circuit Court for Prince George's County. (ECF No. 1-3). Plaintiff alleges that on or about July 3, 2018, she slipped and fell on an uneven sidewalk pavement at a property that was managed/owned by the Defendant and injured herself. Plaintiff contends that the Defendant failed to maintain the property in a safe condition. (*Id*).

---

[1] In chronicling the history of this case, the Court takes judicial notice of public records, including the state court filings. *See generally Phillips v. Pitt. County Mem. Hosp.*, 572 F.3d 176 (4th Cir. 2009).

Between July 2021 and April 6, 2022, the complaint proceeded through various phases in the Circuit Court. (ECF No. 19-15, pp. 1-2). On April 6, 2022, the Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, predicated upon diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1). Defendant attached the following documents to its Notice of Removal: the Complaint, civil cover sheet, state court summons, and a state court information sheet. (ECF Nos. 1, 1-1 through 1-4). As part of this Court's Wheel Pilot Program, on April 7, 2022, the instant action was preliminarily assigned to the undersigned, subject to the consent of both parties to retain jurisdiction. (ECF Nos. 6-8).

Subsequently, on April 10, 2022, Plaintiff filed her Amended Complaint in state court. (ECF No. 19-16, pp. 1-5). Thirty-three days after this matter was removed to federal court, Plaintiff filed the Remand Motion on May 9, 2022. (ECF No. 11).

On May 10, 2022, consistent with 28 U.S.C. § 636(a), the matter was permanently assigned to this Court for all further proceedings. Also on May 10, 2022, the Defendant filed its Answer, and on May 11, 2022, the Court directed the Defendant to respond to Plaintiff's Remand Motion. (ECF Nos. 14-16).

On May 23, 2022, Defendant supplemented the record in this case with eighty-two pages from the state court docket, including a copy of the Amended Complaint. (ECF Nos. 19-1 through 19-25). On May 24, 2022, Plaintiff filed the redlined version of her Amended Complaint on the docket. Also on that date, Defendant filed its opposition to the Remand Motion. (ECF Nos. 20, 21).

## II.    REMOVAL ACTION AND SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court as long as the latter can exercise original jurisdiction over the case. This Court has subject

matter jurisdiction over Plaintiff's claim only under two circumstances: if her case involved a federal question, or if the action is based on diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332(a)(1). In this case, Defendant removed the action to this Court based on diversity of citizenship. (ECF No. 1).

Regarding removal, 28 U.S.C. § 1446(a) further provides that any defendant:

> desiring to remove any civil action from a State court shall file in the district court of the United States. . .a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In addition, in this District, Local Rule 103.5 (D. Md. 2021) provides that:

> Any party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents and orders which have been served upon that party. Within thirty (30) days thereafter, the party shall file true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court. In cases subject to electronic filing, the copies shall be filed in accordance with the electronic filing procedures adopted by this Court.

Finally, pursuant to 28 U.S.C. § 1447(c), a plaintiff who wishes to remand the case on the basis of "any defect other than the lack of subject matter jurisdiction," must file a motion within 30 days after the filing of the notice of removal made under 28 U.S.C. § 1446. The statute further makes clear that if at any time a court determines that it lacks subject matter jurisdiction, remand is required. 28 U.S.C. § 1447(c).

## III.   DISCUSSION

In the Remand Motion, Plaintiff advances two arguments. First, Defendant failed to "promptly file Notice of Removal in the State Court to effectuate the removal." Second, Defendant failed to file in federal court some of the documents filed in the State court action, "including but

not limited to, the Amended Complaint, Affidavits of Service and other documents," which violates Local Rule 103.5(a).  (Remand Motion pp. 1-2).  According to the Plaintiff, then, these errors "cause[d] Plaintiff harm."  (*Id.*, p. 2). Defendant counters that: (a) Plaintiff's Remand Motion is untimely filed; (b) "due to an inadvertent administrative error, the follow up Rule 103.5 submission was not properly calendared[,]" and certain documents may not have been timely filed; and (c) Plaintiff cites to no legal authority that requires this Court to remand the matter back to state court, given that any defects have been cured and Plaintiff fails to demonstrate prejudice. (Opposition, pp.1-2).  The Court agrees with the Defendant that remand is not required in this case for three reasons.

First, there is no doubt that subject matter jurisdiction exists: this matter has been removed to federal court pursuant to 28 U.S.C. § 1332.  Had there be no subject matter jurisdiction, remand would have been mandatory, as the plan language of 28 U.S.C. § 1447(c) requires the Court to so act.  Because Plaintiff only alleges the existence of one or more procedural defects, this Court has discretion to retain jurisdiction over this diversity case especially where, as here, Plaintiff has filed to timely object to the removal.  *Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842, 847 (D. Md. 2001) (federal court has discretion to retain jurisdiction over removed action suffering from procedural defects when complete diversity exists, even if party opposing removal **timely** objects based on a procedural defect) (emphasis supplied); *see also Barber v. Montgomery County Government*, Civ. No. FPS-17-1948, 2018 WL 529485, at *4 (D. Md. Jan. 24, 2018) (citing *Cook v. Randolph County Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (defendant's failure to include all state court pleadings with the notice of removal constitutes a procedural error, not a jurisdictional one)).

Second, 28 U.S.C. § 1447(c) makes clear that a plaintiff seeking to remand a matter on the basis of a defect other than one related to subject matter jurisdiction must file a pleading within thirty days after the notice of removal has been filed.  Here, Plaintiff filed her Remand Motion on May 9, 2022, roughly three days late, as the notice of removal was filed on April 6, 2022.  Thus, this Court finds that Plaintiff's untimely filing constitutes waiver of her right to have this case remanded back to state court.

Third and alternatively, even if this Court did not find that Plaintiff has waived her right to file a motion to remand, the Court exercises its discretion and will not remand this case.  Assuming that Plaintiff is correct that the Defendant failed to timely notify the state circuit court of the removal here to federal court,[2] Plaintiff has failed to articulate any harm or prejudice that she has suffered due to Defendant's action.  Next, even if the Court further finds that, on April 6, 2022, Defendant failed to file all of the paperwork required by Local Rule 103.5, the Defendant has now cured any procedural error by filing all of the paperwork required by Local Rule 103.5.  (*See* ECF No. 19-1 through 19-25).  Nowhere in her Remand Motion does Plaintiff explain how she has been harmed or prejudiced by Defendant's actions, nor does Plaintiff cite to any case law or statutes that require this Court to remand the instant action under facts similar to those present here. *Compare Barber, supra*, 2018 WL 529485, at *4.  Thus, the Court will exercise its discretion and retain jurisdiction over this diversity case.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Remand Motion, ECF No. 11, is DENIED.

A separate Order follows.

---

[2] Plaintiff fails to offer any proof, e.g., via an affidavit or a declaration, that the state court was not timely notified. *See* ECF No. 11. Nonetheless, the Court agrees with Defendant that assuming that the state court did not receive notice until April 14, 2022, this eight-day delay does not justify remand. *Compare Barber, supra*, 2018 WL 529485, at *4 (153-day delayed notice to state court insufficient to warrant remand).

Dated:  September 12, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge